HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiffs,

v.

BERTRAM SACKS,

    Defendant.

CASE NO. C10-534RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion to compel discovery from Defendant Bertram Sacks (Dkt. # 15) and a motion for summary judgment (Dkt. # 19) from the United States (the "Government"). No party requested oral argument, and the court finds oral argument unnecessary. For the reasons stated below, the court GRANTS the motion to compel in part and DENIES it in part, DENIES the Government's summary judgment motion, and ORDERS the Government to SHOW CAUSE why the court should not dismiss this action. The court directs the clerk to VACATE the trial date and all pending pretrial deadlines and STAY this action pending the receipt of supplemental briefing from the parties.

## II. BACKGROUND

Mr. Sacks' long journey through the federal courts began with a journey to Iraq in 1997. Mr. Sacks brought a substantial quantity of medicine to an Iraqi church. He hoped the medicine would assist Iraqis suffering under the reign of Saddam Hussein and international sanctions.

At the time, bringing medicine to Iraq without Government permission was unlawful. The Office of Foreign Assets Control ("OFAC"), an agency within the United States Department of the Treasury, had promulgated a series of regulations limiting the activity of Americans in Iraq. *See* 31 C.F.R. Pt. 575.[1] In particular, OFAC issued a regulation barring travel to Iraq without permission (the "Travel Ban"). 31 C.F.R. § 575.207.

OFAC sent Mr. Sacks a pre-penalty notice in 1998. Mr. Sacks responded by admitting that he had traveled to Iraq. In 2002, OFAC issued a final penalty notice, imposing a $10,000 civil penalty for violating the Travel Ban. *See* 31 C.F.R. § 575.701 (authorizing penalty of up to $325,000). When Mr. Sacks declined to pay, OFAC referred the penalty to a private collection agency.

In 2004, Mr. Sacks sued the Government in this District. He contended that the Travel Ban (among other regulations on activity in Iraq) was unconstitutional and in violation of international law. He also sought to enjoin the collection of the penalty.

In October 2004, the Honorable James L. Robart of this District issued an order dismissing Mr. Sacks' suit. Case No. C04-108JLR (Dkt. # 30), Oct. 22, 2004 order ("2004 order"). The court rejected Mr. Sacks' challenges to the OFAC regulations. It concluded, however, that OFAC had no authority to collect its penalty via a private collection agency. *Id.* at 8-11. The court concluded that OFAC's own regulations

---

[1] OFAC implemented the regulations in question in 1991 in the wake of Iraq's 1990 invasion of Kuwait. In 2010, OFAC eliminated Title 31, Part 575 from the Code of Federal Regulations.

required it to collect the penalty by referring it "to the United States Department of Justice for appropriate action to recover the penalty in a civil suit in a Federal district court." *Id.* at 8 (quoting 31 C.F.R. § 575.705).

Critically, at least for the motions now pending, the 2004 order concluded that nothing remained of Mr. Sacks' suit. The court observed that there were suggestions in Mr. Sacks' "supplemental brief" and at oral argument that "he ha[d] brought a claim contesting *the amount* of the penalty that OFAC levied." *Id.* at 11 (emphasis added). The court concluded as follows:

> Although [Mr. Sacks] could possibly bring this challenge [to the amount of the penalty] in the form of a claim under the Administrative Procedures Act or otherwise, the court finds that even a generous reading of the complaint shows that [he] has brought no such claim. Even if there were such a claim, the court's decision that OFAC cannot use extrajudicial means to collect its penalty means that Plaintiff's objection to the amount of that penalty is not yet ripe for consideration by this court.

*Id.* The court entered judgment.

OFAC and Mr. Sacks appealed. In 2006, the Ninth Circuit affirmed. *Sacks v. OFAC*, 466 F.3d 764 (9th Cir. 2006). It agreed that OFAC's regulations were valid (*id.* at 777) and that OFAC could not use a private collection agency (*id.* at 781). The Ninth Circuit opinion made no mention of Mr. Sacks' challenge to the amount of the penalty.

The Government has now sued Mr. Sacks to collect the penalty. Mr. Sacks propounded several interrogatories and requests for production of documents ("RFPs") to obtain evidence he hopes to use to convince the court to set aside the penalty in accordance with the Administrative Procedures Act ("APA"). 5 U.S.C. § 706(2) (listing six bases to set aside an agency's action). The Government contends that it need not respond to these requests because res judicata principles dictate that the judgment in Mr. Sacks' prior lawsuit is dispositive of his attempt to set aside OFAC's penalty. The Government filed a motion for summary judgment raising the same contention.

**III. ANALYSIS**

**A.     Summary Judgment Motion**

The court begins with the Government's summary judgment motion. That motion requires the court to draw all inferences from the admissible evidence in the light most favorable to the non-moving party. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must initially show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party must then show a genuine issue of fact for trial. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The court defers to neither party in resolving purely legal questions. *See Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999).

Whether res judicata bars a claim is a purely legal question. A court must compare the outcome of a prior suit to the claims presented in the suit before it to determine (1) whether the earlier action involved the same claims as the current suit, (2) whether the prior court resolved those claims in a final judgment on the merits, and (3) whether the two actions were between identical parties or their privies. *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Four criteria guide a court's inquiry into whether two claims are the same:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Where claims in the two suits arise out of the same nucleus of facts, res judicata bars the subsequent

ORDER- 4

claim even if it was not part of the prior lawsuit. What matters is whether the claim "could have been brought" in the prior lawsuit. *Tahoe-Sierra*, 322 F.3d at 1077-78 ("The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated.").

In the Government's view, res judicata makes this an open-and-shut case. It contends that Mr. Sacks' challenge to the amount of the penalty has already been decided, and there is nothing left to do but enter a judgment in the Government's favor.

The Government's argument cannot overcome the explicit language of the 2004 order. That order held that Mr. Sacks' "objection to the amount of th[e] penalty [was] not yet ripe for consideration." 2004 order at 11. That ruling was not, as the Government suggests, dicta. It was critical to the order, because had the court ruled otherwise, it could not have dismissed the case. It would instead have needed to adjudicate Mr. Sacks' challenge to the amount of the penalty. The court ruled instead that even if Mr. Sacks had brought a challenge to the amount of the penalty, that challenge could not proceed until the Government began a proper penalty collection lawsuit.

There is no indication that the Government, when it appealed, contested the ruling that Mr. Sacks had no ripe claim challenging the amount of the penalty. Even if it did so, the Ninth Circuit panel did not rule in the Government's favor. If the panel had adopted the Government's position, it would have had to reverse the 2004 judgment, at least in part. Instead, the Ninth Circuit affirmed. The Government notes that the panel, in concluding its opinion, stated as follows:

> Sacks lacks standing to challenge the Medicine Restrictions, and his challenge to the Travel Ban fails because OFAC's power to promulgate it was authorized by [the United Nations Participation Act] and was not limited by any other statute. Therefore, *the penalty against Sacks is valid*.

*Sacks*, 466 F.3d at 781 (emphasis added). The Government urges this court to find that, in this single sentence, the panel reversed Judge Robart's conclusion that a challenge to

the amount of the penalty was not properly before him.  The Government asks for too much.  This court cannot conclude that the Ninth Circuit panel partially reversed the 2004 judgment *sub silentio* while explicitly affirming the judgment in its entirety.  The prior litigation expressly left Mr. Sacks' challenge to the amount of the penalty unadjudicated.  Res judicata principles dictate that this court cannot reach a contrary conclusion.

The court further observes that neither the Government nor Mr. Sacks has addressed whether res judicata limits the Government's claims in this lawsuit.  Res judicata applies not only to claims a plaintiff brought or could have brought in prior litigation, it also applies to counterclaims that a defendant brought or was required to bring.  *Mitchell v. CB Richard Ellis Long Term Disability Plan*, 611 F.3d 1192, 1201 (9th Cir. 2010); *see also Int'l Bhd. of Elec. Workers v. G. P. Thompson Elec., Inc.*, 363 F.2d 181, 184 (9th Cir. 1966) ("If a party fails to plead a compulsory counterclaim, he is held to waive it and is precluded by res judicata from ever suing upon it again.").  In particular, a defendant in a prior litigation who fails to bring a compulsory counterclaim cannot bring a second action asserting the counterclaim as an affirmative claim for relief.  *Mitchell*, 611 F.3d at 1201.

The court queries whether the Government's claim for judicial enforcement of its civil penalty was a compulsory counterclaim in the 2004 litigation.  Federal Rule of Civil Procedure 13(a) defines compulsory counterclaims:

> A pleading must state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party if the claim:
>> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1).  This definition arguably encompasses the Government's claim (under OFAC's own regulations) to enforce its civil penalty against Mr. Sacks.  The court cannot settle the argument, however, because Mr. Sacks did not raise it in his

briefing. His answer, however, raises the issue as an affirmative defense. Answer (Dkt. # 12) at 3 ("Plaintiff's claims are barred by Rule 13(a) of the Federal Rules of Civil Procedure, as they constituted compulsory counterclaims in a previous civil action to which Plaintiff and Defendant were parties."). Rather than decide an issue that neither party has addressed, the court will require both parties to address it in supplemental briefing. *See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995) (citing cases noting court's authority to raise res judicata issues sua sponte).

Before moving to Mr. Sacks' motion to compel, the court observes that he has also raised the statute of limitations as an affirmative defense. Answer (Dkt. # 12) at 3 ("Plaintiff's claims are barred by the applicable statute of limitations or by laches."). Nearly seven years ago, Judge Robart ruled that OFAC's penalty-collection efforts had begun within the five-year statute of limitations of 28 U.S.C. § 2462. But the Government brought this suit almost six years later. Again, no party has briefed this argument. They will do so in supplemental briefing. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993) (noting that a court may raise the statute of limitations sua sponte so long as a defendant has preserved the defense in its answer).

**B.    Motion to Compel**

The discovery requests that Mr. Sacks targets in his motion to compel consist of two RFPs and five interrogatories. One RFP requests production of "the Record," whatever that might mean. The other RFP requests all documents that OFAC considered when deciding whether to impose the penalty and the amount of the penalty. The interrogatories seeks the names of persons who prepared "the Record," the names of the persons who decided on the penalty and its amount, and an explanation of the factual basis for OFAC's conclusion that Mr. Sacks engaged in prohibited conduct. Two of the interrogatories seek information on people who applied for licenses under OFAC's Iraq regulations.

The Government bases much of its responses (to both the individual discovery requests and the motion to compel) on its erroneous belief that res judicata mandates the entry of judgment in its favor. The court has now rejected that view.

If this action proceeds beyond the supplemental briefing the court orders below, the Government must provide additional discovery responses. First, the Government will need to produce an administrative record. What precisely constitutes the administrative record will be subject to further discussions among the parties. At a minimum, however, the Government must produce sufficient information to allow Mr. Sacks to know what information specific to Mr. Sacks the Government considered when imposing the penalty.[2]

Second, to the extent that the administrative record does not reveal the answer, the Government must identify who decided on the penalty and its amount. The Government must also reveal who prepared the administrative record, because that will permit Mr. Sacks to inquire further if he believes the record the Government produces is incomplete.

Third, the court declines to order the Government to explain the factual basis for its decision to impose the penalty in an interrogatory response. Once the Government provides a proper administrative record, the factual bases for its decision should be apparent.

Fourth, the court will not require the Government to produce information about applications for licenses under OFAC's Iraq regulations. This discovery is not relevant, because it will not assist Mr. Sacks in his APA challenge. Even if, as Mr. Sacks contends, it would have been futile for him to apply for a license, that sheds no light on

---

[2] The Government correctly notes that the court's review of an APA challenge is generally limited to the administrative record. For that reason, the court is perplexed by the Government's objections to Mr. Sacks' discovery requests designed to elicit that record. How else does the Government propose that Mr. Sacks (and the court) acquire an administrative record to review?

whether the amount of the penalty OFAC imposed was arbitrary and capricious. The fact remains that Mr. Sacks did not apply for a license from OFAC, and thus any information on the granting or denial of such applications in the past is not relevant.

The Government also uses its opposition to Mr. Sacks' motion to compel to argue that Mr. Sacks' APA challenge is untimely. It contends that the applicable statute of limitations is six years, and that Mr. Sacks should have raised his APA challenge no later than May 2008, six years after OFAC issued the penalty. Statutes of limitations typically do not apply to affirmative defenses. *City of Saint Paul v. Evans*, 344 F.3d 1029, 1033 (9th Cir. 2003) ("Courts generally allow defendants to raise defenses that, if raised as claims, would be time-barred."). Putting that aside, however, the court has already held that it is bound by the 2004 ruling that Mr. Sacks' challenge to the amount of the penalty was not ripe in October 2004. He thus timely raised that challenge in his answer, which he filed in September 2010.

### IV. CONCLUSION

For the reasons stated above, the court rules as follows:

1) The court DENIES the Government's motion for summary judgment. Dkt. # 19. In reaching that conclusion, the court does not rule out the possibility that res judicata or collateral estoppel issues limit the scope of Mr. Sacks' defenses in this action. The court holds only that res judicata principles do not mandate entry of judgment in the Government's favor.

2) The court ORDERS the Government to show cause why the court should not dismiss this action because it is untimely or dismiss it for failure to raise the claims asserted in a compulsory counterclaim in the 2004 litigation. The Government shall respond in a brief of 18 pages or fewer no later than August 26, 2011. Mr. Sacks shall respond in a brief subject to the same limitations no later than September 9, 2011.

3) The court VACATES the trial date and all pretrial deadlines. With the exception of the briefing ordered above, the court STAYS this action pending further order of the court.[3]

4) The court GRANTS in part and DENIES in part Mr. Sacks' motion to compel. Dkt. # 15. The Government need not produce additional discovery until the court has ruled following the supplemental briefing. If this action survives that ruling, the court orders the parties to meet and confer regarding the scope of the administrative record. Mr. Sacks shall be mindful that while the 2004 litigation left open a challenge to the amount of the penalty, it does not permit him to continue to pursuing his rejected challenges to OFAC's statutory and regulatory authority to issue the penalty.

DATED this 9th day of August, 2011.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Court Judge

---

[3] Because the court vacates all pretrial deadlines in this order, the parties' stipulated request (Dkt. # 26) that they be excused from the mediation requirement is moot. The court will revisit the issue if necessary following the resolution of issues raised in the supplemental briefing.