HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BERTRAM SACKS,

        Defendant.

CASE NO. C10-534RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the parties' responses to the court's August 9, 2011 order to show cause. Dkt. # 27. On the day the Government's response was due, it filed a motion for a one-week extension of time. Dkt. # 28. Defendant Bertram Sacks did not oppose that motion, and the court granted him an additional week to prepare his response in light of the Government's untimely brief. The court DENIES the motion for an extension of time, although it declines to strike the Government's brief.

For the reasons stated herein, the court concludes that the Government did not timely sue Mr. Sacks. The court DISMISSES this case with prejudice and directs the clerk to enter judgment for Mr. Sacks.

## II. BACKGROUND

This action is the latest chapter in the Government's longstanding efforts to penalize Mr. Sacks for traveling to Iraq in the late 1990s. His trip violated then-existing federal regulations banning most travel to Iraq. *See* 31 C.F.R. Pt. 575.[1] The Office of Foreign Assets Control ("OFAC"), the Treasury Department agency charged with enforcing the regulations, began administrative proceedings in 1998 to penalize Mr. Sacks. Those proceedings culminated in OFAC's May 2002 notice to Mr. Sacks that it had imposed a penalty of $10,000 against him. Scaramastra Decl. (Dkt. # 22), Ex. 2. The notice required Mr. Sacks to pay the penalty within 30 days or face collection proceedings. *Id.* The notice did not provide Mr. Sacks with any option for an administrative appeal. *Id.*

Mr. Sacks sued the Government in 2004, arguing that the regulations were unlawful. He also sought to enjoin the collection of the penalty. By then, the Government had engaged a private agency to collect the penalty.

In October 2004, the Honorable James L. Robart of this District dismissed Mr. Sacks' suit. He upheld the regulations that Mr. Sacks violated as well as the Government's imposition of a penalty (except as to the amount of the penalty), but held that the Government could not use a private agency to collect the penalty. No. C04-108JLR (Dkt. # 30), Oct. 22, 2004 order. He concluded that the Government's sole option for collecting the penalty was a federal district court suit. *Id.* at 8-11 (citing 31 C.F.R. § 575.705 (2002)). The Ninth Circuit affirmed after both parties appealed. *Sacks v. OFAC*, 466 F.3d 764 (9th Cir. 2006). Mr. Sacks unsuccessfully petitioned for a writ of certiorari. 549 U.S. 1338 (Apr. 16, 2007) (denying cert.).

---

[1] OFAC implemented the regulations in question in 1991 in the wake of Iraq's 1990 invasion of Kuwait. In 2010, OFAC eliminated Title 31, Part 575 from the Code of Federal Regulations.

In March 2010, the Government filed this suit to collect the penalty, which had ballooned to more than $16,000 including interest and fees.

On August 9, 2011, this court ordered the Government to show cause why it should not dismiss this suit. The court raised two potential grounds for dismissal. First, the Government had not raised its claim in this suit as a counterclaim to Mr. Sacks' 2004 suit. The court queried whether the counterclaim was compulsory within the meaning of Federal Rule of Civil Procedure 13(a). Second, the court asked whether the Government filed this suit beyond the applicable statute of limitations.

## III. ANALYSIS

### A. Motion for Extension of Time

Before considering the timeliness of the Government's lawsuit, it considers the timeliness of its motion for an extension of time to respond to the order to show cause. That order required a response from the Government by August 26, with Mr. Sacks' response to follow on September 9. The Government did not timely respond. Instead, it filed a motion for extension of time on August 26, the day its response was due. It stated that Mr. Sacks did not object to an extension of time, and Mr. Sacks does not contend otherwise. The Government noted the motion for the same day it filed it, on August 26.

The Government's motion was improper and its response to the order to show cause was untimely. A motion for extension of time is a motion for relief from a deadline, and is thus subject to Local Rules W.D. Wash. GR 7(d)(2). A party must note it no earlier than the second Friday following its filing. *Id.* The Government did not comply with that rule, incorrectly noting the motion for the day it filed it. That approach is appropriate for a stipulation or agreed motion. Local Rules W.D. Wash. GR 7(d)(2). It is not appropriate when the non-moving party merely states that it will not oppose the motion. In this case, Mr. Sacks indicated that he would not oppose the Government's request, but declined to join in the motion. Perhaps he did so because he knew that courts generally look unfavorably on eleventh-hour requests for relief from a deadline. This

court is no exception.  Barring unforeseen circumstances, a request for relief from a deadline ought to come well in advance of the deadline, as the court's local rules envision.  Here, the Government's sole explanation for its failure to timely respond was that supervising attorneys at the Department of Justice had yet to approve the response.  The Government does not explain why it could not have moved for an extension of time much sooner.  The court accordingly denies the motion.  Only the court's preference for resolving matters on their merits prevents it from striking the Government's untimely response.

**B.     Rule 13(a)**

The Government argues that it was not obligated to raise any counterclaims in the 2004 action because it never filed a responsive pleading.  Mr. Sacks concedes the point, pointing to case law from other circuits holding that a party filing a motion to dismiss, rather than a responsive pleading, need not raise a counterclaim that is compulsory within the meaning of Rule 13(a).  *See*, *e.g.*, *Bluegrass Hosiery, Inc. v. Speizman Indus., Inc.*, 214 F.3d 770, 772 (6th Cir. 2000).  Although district courts within the Ninth Circuit have reached the same conclusion, the Ninth Circuit Court of Appeals has not, so far as the court is aware, addressed the issue directly.  Because Mr. Sacks concedes that Rule 13(a) is no bar to this suit, the court will not consider the issue further.

**C.     Statute of Limitations**

The only statute of limitations that the parties contend is potentially applicable is the five-year statute at 28 U.S.C. § 2462:[2]

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same

---

[2] The sole statute that the Government cites in its supplemental brief is 28 U.S.C. § 2846, a statute which, so far as the court is aware, does not exist.  The court assumes that the Government's six citations to the statute are a persistent typographical error.

period, the offender or the property is found within the United States in order that proper service may be made thereon.

In the Government's view, it complied with the statute of limitations by commencing administrative proceedings against Mr. Sacks within five years of his travel to Iraq. Mr. Sacks argues that § 2462 obligated the Government to sue him within five years of the final penalty it imposed in May 2002. The Government alternatively contends that even if the court holds that the imposition of a final penalty commences a five-year limitations period, Mr. Sacks' penalty did not become final until April 2007, when the United States Supreme Court denied his petition for a writ of certiorari.

The circuit courts have offered three different interpretations of the application of § 2462 to the assessment and collection of administrative penalties. The first, which adheres most closely to the Government's preferred interpretation, merely requires the Government to commence administrative proceedings within five years. It places no limit on a subsequent lawsuit to enforce any penalty resulting from those proceedings. The sole court to adopt that view was the Seventh Circuit in *United States Dep't of Labor v. Old Ben Coal Co.*, 676 F.2d 259 (7th Cir. 1982). There, the defendant's 1973 violations of mining safety provisions of the federal Coal Act led the Government to commence administrative proceedings that resulted in a civil penalty against the defendant in 1975. *Id.* at 260. The defendant refused to pay the penalty, and the Government sued in 1980. *Id.* The *Old Ben* court held that § 2462 had no application to the Government's suit. *Id.* at 261 It reasoned that the administrative proceedings sufficed to put the defendant on notice of the allegations against it, thus satisfying the purposes of the statute of limitations. *Id.* In that court's view, no statute of limitations applied to the government's effort to enforce its administrative penalty in court. *Id.*

In the alternative, the *Old Ben* court held that even if § 2462 applied, the five-year statute of limitations did not begin to run until the Government's right to sue accrued, which in that case occurred "only after the administrative proceeding ha[d] ended, a

penalty ha[d] been assessed, and the violator ha[d] failed to pay the penalty." *Id.* Because the Government had sued within five years after the final administrative order imposing the penalty, the court held the suit to be timely. *Id.*

No other circuit court has ever adopted the first holding from *Old Ben*; the majority of them have interpreted § 2462 consistently with that court's alternative holding. Those courts hold that the Government must bring a suit to enforce an administrative penalty within five years of the date that its right to sue accrues. *See*, *e.g.*, *United States v. Meyer*, 808 F.2d 912, 914 (1st Cir. 1987) ("What remains for resolution is whether § 2462 affords an *additional* five year period following final administrative assessment of a civil penalty during which the government may sue to enforce the sanction. . . . We hold that 28 U.S.C. § 2462 is designed to operate in exactly that fashion.") (emphasis in original); *United States v. Godbout-Bandal*, 232 F.3d 637, 640 (8th Cir. 2000) (following *Meyer*); *SEC v. Mohn*, 465 F.3d 647, 654 (6th Cir. 2006) (same). Courts have either distinguished the first holding of *Old Ben* or ignored it in favor of its alternative holding:

> In the Seventh Circuit, district courts have cited *Old Ben Coal* for the proposition that the statute of limitations in § 2462 begins to run for collection actions once the underlying administrative proceeding adjudicating liability becomes final, impliedly holding that *Old Ben Coal*'s alternative finding – that 28 U.S.C. § 2462 does not apply to collection actions – is no longer good law. [citation omitted] Moreover, the notion that § 2462 does not apply to collection actions is contrary to the plain language of the statute and the overwhelming majority of case law.

*Mohn*, 465 F.3d at 918 n.5 (citing cases); *see also Meyer*, 808 F.2d at 918 n.5 (finding first *Old Ben* holding applicable only to Coal Act cases); *3M Co. v. Browner*, 17 F.3d 1453, 1458 n. 8 (D.C. Cir. 1994) (following alternative holding of *Old Ben* without acknowledging first holding).

The Fifth Circuit has interpreted § 2462 much less favorably for the Government. In *United States v. Core Labs., Inc.*, 759 F.2d 480, 483 (5th Cir. 1985), the court held that

the statute requires the Government to assess an administrative penalty and sue to enforce it within five years of the defendant's conduct that gave rise to the penalty. Several circuits have rejected this view. *E.g.*, *Meyer*, 808 F.2d at 913 ("[W]e find the Fifth Circuit's reasoning -- the core of *Core*, as it were -- to be unconvincing."); *Godbout-Bandal*, 232 F.3d at 640 (adopting *Meyer* rather than *Core Labs*).

The Ninth Circuit has not addressed the issues central to this case. It has held that § 2462 applies both to administrative proceedings to impose penalties as well as suits to enforce them. *FEC v. Williams*, 104 F.3d 237, 239 (9th Cir. 1996). Beyond that, it has not authored an interpretation of § 2462.

This court predicts that the Ninth Circuit would adopt the majority view of § 2462. The statute requires the Government to commence administrative proceedings to assess an administrative penalty within five years of the defendant's underlying conduct.[3] It also, however, requires the Government to commence a judicial proceeding to enforce or collect an administrative penalty within five years of the accrual of its right to sue.

The court's holding means that the Government's suit against Mr. Sacks is untimely. The Government's right to sue accrued 30 days after its May 2002 notice to Mr. Sacks of its penalty. As noted, the notice gave Mr. Sacks 30 days to pay the penalty. Once that 30-day period expired, administrative proceedings had concluded. The Government did not sue, however, until almost eight years had passed.

The Government contends that its penalty against Mr. Sacks did not become "final" until the Supreme Court rejected Mr. Sacks' certiorari petition in April 2007. The court disagrees. Other courts have acknowledged that the § 2462 limitations period does not accrue until a defendant exhausts administrative challenges to the penalty. *E.g.*, *Mohn*, 465 F.3d at 654. These courts, however, have focused on when the penalty

---

[3] Judge Robart's order acknowledges that the Government timely commenced administrative proceedings to impose the penalty. Oct. 22, 2004 ord. at 8. He had no occasion to consider the timeliness of the Government's use of judicial proceedings to collect that penalty.

becomes *administratively* final. In this case, the Government's May 2002 penalty assessment left Mr. Sacks with no more administrative avenues to pursue. His choice was to either pay the penalty within 30 days or face a collection action. Mr. Sacks chose instead an option of his own devise: he sued the Government. No court has held that a *defendant's* use of the courts to avoid a penalty tolls the statute of limitations against the *Government*,[4] nor that the defendant's judicial challenge prevents the penalty from becoming administratively final. This court will not be the first to interpret § 2462 in that fashion, because nothing in the text of the statute supports the Government's position. The statute requires a suit within five years of "the date when the claim first accrued . . . ." In this case, the Government's suit accrued 30 days after it issued its May 2002 penalty notice. Thereafter, nothing prevented the Government from timely filing a suit to collect its penalty. It could have sued before Mr. Sacks sued or anytime thereafter. It could have sued when both Judge Robart (in 2004) and the Ninth Circuit (in 2006) informed the Government that its non-judicial collection methods were unlawful. It could have sued at any time before June 2007, five years after the expiration of Mr. Sacks' 30-day period to pay the penalty. For reasons it does not explain, the Government waited until almost eight years after Mr. Sacks failed to pay to sue him.[5] That choice is fatal to this lawsuit.

---

[4] The Ninth Circuit has held that § 2462 is subject to equitable tolling. *FEC v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996). The Government has not attempted to state a case for equitable tolling here, nor would it have succeeded in doing so. *See id.* (noting that a party seeking equitable tolling must show "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts").

[5] The Government asserts, perhaps correctly, that its delay in suing Mr. Sacks has not prejudiced him. The Government cites no authority permitting the court to ignore a statute of limitations simply because the defendant suffered no prejudice.

## IV. CONCLUSION

For the reasons stated above, the court concludes that the Government did not timely sue. The court accordingly DISMISSES this action with prejudice. The court directs the clerk to enter judgment for Mr. Sacks.

DATED this 28th day of December, 2011.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge